Adam C. Rapaport (SBN 13008)
The Law Office of Adam C. Rapaport
235 W. Brooks Avenue
North Las Vegas, Nevada 89030
Telephone:  702-789-4932
Facsimile:   702-789-4932
Email: adamrapaportesq@gmail.com

Robert A. Waller, Jr., Esq. (California Bar No. 169604) *Admitted Pro Hac Vice*
Law Office of Robert A. Waller, Jr.
P.O. Box 999
Cardiff-by-the-Sea, California 92007
Telephone:  760-753-3118
Facsimile:  760-753-3206
Email: robert@robertwallerlaw.com

Attorneys for Plaintiffs AARON LEIGH-PINK, and TANA EMERSON, Individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAY AMES, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff(s),<br>v.<br><br>CAESARS ENTERTAINMENT CORPORATION, et al.<br><br>        Defendant(s) | CASE NO.: 2:17-cv-02910-GMN-VCF |

**STIPULATION AND ORDER**

WHEREAS, on October 11, 2017, Plaintiff filed this putative class action in the District Court, Clark County, Nevada;

WHEREAS, on November 8, 2017, Plaintiff filed his First Amended Class Action Complaint;

WHEREAS, on November 20, 2017, Defendants removed this matter to this Court from the District Court, Clark County, Nevada;

WHEREAS, on December 28, 2017, pursuant to a Stipulation and Order, Defendants filed their Motion to Dismiss;



MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 384-6568

Page 1 of 3

WHEREAS, on January 11, 2018, Plaintiff filed his Response to Defendants' Motion to Dismiss;

WHEREAS, on January 18, 2018, Defendants filed their Reply in Support of their Motion to Dismiss;

WHEREAS, on February 7, 2018, counsel for Plaintiff requested that counsel for Defendants stipulate to the filing of a Second Amended Complaint ("SAC");

WHEREAS, thereafter, during a meet and confer, counsel for Plaintiff also requested that Defendants agree to the substitution of named-Plaintiff from Jay Ames to named-Plaintiffs, Aaron Leigh-Pink and Tana Emerson;

WHEREAS, during that meet and confer, counsel for Defendants explained that Caesars Entertainment Corporation is an improperly-named entity in this matter and should be dismissed;

WHEREAS, Defendants requested the dismissal of Caesars Entertainment Corporation, without prejudice; and,

WHEREAS, Defendants agreed that they would consent to the filing of the SAC provided that: (1) Their time to answer, move, or otherwise respond to the SAC is extended to twenty-eight (28) days from the date of Plaintiffs' filing of the SAC; and, (2) Plaintiffs agree to dismiss Defendant Caesars Entertainment Corporation from this action without prejudice;

NOW, IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel of record, that:

1.      Plaintiff shall file the SAC, in the form attached hereto as Exhibit A, within fourteen (14) days after this Stipulation and Order is granted;

2.      Plaintiff, Jay Ames, is hereby voluntarily dismissed from this action pursuant to FRCP 41 and is replaced by Plaintiffs, Aaron Leigh-Pink and Tana Emerson;

3.      Caesars Entertainment Corporation is dismissed from this action without prejudice; and

/ / /

/ / /

/ / /



MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE:(702) 384-8424
FAX: (702) 384-6568

4. The time within which Defendants shall have to answer, move, or otherwise respond to the SAC is extended until twenty-eight (28) days after Plaintiffs file the SAC.

**IT IS SO STIPULATED AND AGREED.**

DATED: February 23, 2018

By: *Robert A. Waller, Jr.*
_____
Robert A. Waller, Jr., *(pro hac vice)*
*Attorneys for Plaintiffs and the class*

DATED: February 23, 2018

COZEN O'CONNOR

*Richard Fama, Esq.*
_____
Richard Fama, Esq. *(pro hac vice)*
*Attorneys for Defendant Caesars Entertainmer Corp. and RIO Properties LLC*

Signature Certification:
I hereby certify that the content of this document is acceptable to Richard Fama, counsel for defendants, and that I have obtained this counsel's authorization to affix their electronic signatures to this document.

DATED: February 23, 2018

By: *Robert A. Waller, Jr.*
_____
Robert A. Waller, Jr., *(pro hac vice)*
*Attorneys for Plaintiffs and the class*

## <u>ORDER</u>

Based on the foregoing stipulation of the parties by and through their counsel of record herein, **IT IS SO ORDERED.**

Dated: 2-26-2018
_____

_____
U.S. Magistrate Judge



MORAN BRANDON
BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568



EXHIBIT "A"

1   Adam C. Rapaport (SBN 13008)
    The Law Office of Adam C. Rapaport
2   235 W. Brooks Avenue
    North Las Vegas, Nevada 89030
3   Telephone:  702-789-4932
    Facsimile:  702-789-4932
4   Email: adamrapaportesq@gmail.com

5   Robert A. Waller, Jr., Esq. (California Bar No. 169604) *Admitted Pro Hac Vice*
6   Law Office of Robert A. Waller, Jr.
    P.O. Box 999
7   Cardiff-by-the-Sea, California 92007
    Telephone:  760-753-3118
8   Facsimile:  760-753-3206
    Email: robert@robertwallerlaw.com

9
    Attorneys for Plaintiffs AARON LEIGH-PINK, and TANA EMERSON, Individually and on behalf
10  of all others similarly situated

11                    **UNITED STATES DISTRICT COURT**

12                     **FOR THE DISTRICT OF NEVADA**

13  AARON LEIGH-PINK, and TANA            Case No.:      17-cv-02910-GMN-VCF
    EMERSON, Individually and on behalf of all
14  others similarly situated,
                                          ***SECOND AMENDED***
15          Plaintiffs,                   CLASS ACTION COMPLAINT:
                                          1)   Violation of NRS 205.377;
16          vs.                           2)   Violation of Nevada Deceptive Trade
                                               Practices Act [NRS 41.600, NRS
17  RIO PROPERTIES LLC, a Nevada Limited       598.0923(2)];
    Liability Company; and DOES 1-50, inclusive,  3)   Violation of Nevada's Racketeer
18                                             Influenced and Corrupt Organizations
            Defendants.                        Act (RICO) [NRS 207.350];
19                                        4)   Common Law Negligence
                                          5)   Unjust Enrichment;
20                                        6)   Declaratory Relief

21          Plaintiffs AARON LEIGH-PINK and TANA EMERSON, individually and on behalf of

22  all others similarly situated, allege the following:

23

24

25

26

# I.

## NATURE OF THE CASE

1.     This is a class action brought against Defendant RIO PROPERTIES LLC (hereinafter "Defendant") which owns, manages and/or operates and does business as the RIO ALL-SUITE HOTEL AND CASINO ("RIO") located in Las Vegas, Nevada, and for its concealment and/or failure to disclose to hotel guests the material and important fact the hotel's water system was infected with legionella bacteria which causes Legionnaires disease, a potentially deadly bacterial disease. Despite Defendant's knowledge for months that legionella bacteria had infected the hotel's water system Defendant continued to book reservations and rent rooms and charge Resort Fees to tens, if not hundreds, of thousands of guests all while never saying a word to any of them about the presence of the legionella bacteria in the hotel's water system and facilities.

2.     On or about May 1, 2017, the Southern Nevada Health District ("SNHD") notified Defendant in writing of a report that two guests who stayed at the hotel in March and April 2017 contracted Legionnaires disease after staying at the RIO. Attached hereto as Exhibit "1" and incorporated by this reference is a copy of the May 1, 2017, letter sent by SNHD to Defendant.

3.     On or about May 2, 2017, Erin Calvin of the SNHD Special Programs Unit sent an email to Defendant's representatives Brad Waldron (Vice President, Risk Management) and Jack Hines (Facilities Senior Manager at the Rio Hotel) following up on a meeting they had earlier that date wherein an environmental assessment of the RIO would be conducted by the SNHD for legionella bacteria in the hotel's water system. Attached hereto as Exhibit "2" and incorporated by this reference is a copy of Ms. Calvin's email.

4.     On or about May 3, 2017, SNHD inspectors Calvin, Diaz and Ramirez-Luna met in person with Defendant's representatives Brad Waldron (Vice President, Risk Management) and Jack Hines (Facilities Senior Manager) and discussed the fact SNHD would be conducting a legionella investigation of the RIO hotel. During the meeting Ms. Calvin reviewed a Legionella power point presentation with Messrs. Hines and Waldron, to educate Defendant's representatives on the seriousness of the situation and the health risks to guests of the hotel. During the May 3, 2017, in-

person meeting Defendant's representatives chose not to remove at least one guest from their room in which the SNHD wanted to test for the presence of legionella bacteria.

5.	Notwithstanding Defendant's actual knowledge of the presence of legionella bacteria in the hotel's water system and the fact at least two people had contracted Legionnaires disease, Defendant continued to conceal and/or fail to disclose this material fact from registered guests of the hotel.

6.	Plaintiffs allege legionella bacteria continued to be present in the RIO's water system through at least September 28, 2017, based on testing performed by the SNHD, Defendant and/or their agents.

7.	Defendant concealed from and/or failed to disclose to all guests, including Plaintiffs, the material fact of the report that guests have been exposed to legionella bacteria in its hotel and at least two guests had contracted Legionnaires disease while staying at the RIO in March and April 2017. Defendant concealed and/or failed to disclose this material information when it made and accepted room reservations to stay at the RIO, when sending emails to registered guests ahead of their arrival and providing guests with a link to check-in online and use the Express Check-In Kiosk, while and/or when guests checked into the hotel at the front desk, and/or while guests were staying in the hotel.

8.	Plaintiffs allege that instead of disclosing to guests the fact the hotel's water system was infected with legionella bacteria Defendant chose to roll the dice hoping none of their guests would find out or learn of the presence of legionella bacteria in the hotel's water system and take their business to another hotel/casino in Las Vegas. Defendant were particularly motivated to conceal this information during the 2017 NCAA Men's Basketball Championships known as "March Madness" (which took place from March 14 – April 3, 2017) and while hosting the 2017 World Series of Poker ("WSOP") tournament (which began May 30, 2017 and ran through July 23, 2017). Rather than disclose to its guests the material fact the RIO's water system was infected with legionella bacteria Defendant chose to wager the potential health of its guests against its odds of realizing multiple-millions of dollars in revenue from gambling, room rates, Resort Fees, and food and beverage sales.

9.	Defendant realizes a premium on the amount they are able to charge and collect from guests to stay in its rooms (the "room rate") during big events such as March Madness and the WSOP which draw many more people to its hotel than a regular, ordinary weekday or weekend in Las Vegas. Defendant charges an even greater premium room rate on weekends including Fridays and Saturdays.

In addition to room rates, Defendant also charges all guests who stay at the RIO a "Resort Fee" which was charged to and paid by Plaintiffs and all class members and collected by Defendant whether any guest's room rate is covered by Defendant or not (*i.e.*, a "comp'ed room").

10.    It was not until on or about July 5, 2017, that Defendant sent a letter to registered guests who stayed at RIO during the time legionnaires bacteria was present in the hotel's water system a letter advising them of the presence of the legionella bacteria in the water system during their stay at the RIO. Attached hereto as Exhibit "3" is a true and correct copy of the July 5, 2017, sent by Defendant to RIO registered guests. Notwithstanding Defendant's knowledge months prior to sending the July 5, 2017, letter to *past guests* that the waters system had been infected with legionella bacteria during their stay, Defendant continued to conceal from and/or failed to disclose to all prospective, new, arriving and existing guests the fact legionella bacteria infected the hotel's water system and the serious, and potentially fatal, health risks it presented.

## II.

## THE PARTIES

11.    Plaintiff AARON LEIGH-PINK (a.k.a., AARON PINK) was a registered guest who stayed at the RIO ALL-SUITE HOTEL AND CASINO from on or about May 12, 2017 to May 14, 2017, and again September 1, 2017, to September 4, 2017.

12.    Plaintiff AARON LEIGH-PINK is a competent adult and resident of California.

13.    Plaintiff TANA EMERSON was a registered guest who stayed at the RIO ALL-SUITE HOTEL AND CASINO from on or about June 7, 2017 to June 9, 2017.

14.    Plaintiff TANA EMERSON is a competent adult and resident of California.

15.    Defendant RIO PROPERTIES LLC is a Nevada limited liability company registered to do business in Nevada with the Nevada Secretary of State. Defendant owns, operates and/or manages and does business as the RIO ALL-SUITE HOTEL AND CASINO, located at 3700 W Flamingo Road, Las Vegas, Nevada 89103.

16.    Plaintiffs are ignorant of the true names, capacities, and identities of defendants sued herein as DOES 1-50, inclusive and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names, capacities and identities when ascertained.

17.    Plaintiffs are informed, believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' and/or the class' injuries as herein alleged were proximately caused by such acts.

18.    Plaintiffs are informed and believe, and based thereon allege, that each DOE defendant acted in all respects pertinent to this action as the agent or ostensible agent of the other defendants and/or DOES, and carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DOE defendant are legally attributable to the other.

## III.

## <u>CLASS ACTION ALLEGATIONS</u>

19.    Plaintiffs bring this suit as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of themselves and all other similarly situated persons.  Without having the benefit of discovery, and based on information currently available to Plaintiffs, the proposed class and/or sub-classes are currently defined as follows:

>    All persons who were registered guests of and stayed at the Rio All-Suite Hotel
>    and Casino during the time legionella bacteria was present in the hotel's water system.

20.    Excluded from the class/sub-classes are: (1) Defendant and any entity or division in which Defendant(s) has/have a controlling interest, and its legal representatives, officers, directors, assigns and successors; (2) Defendant's employees; (3) the judge or other judicial officers to whom this case is assigned.

21.    Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation as to particular issues or claims based on facts and/or information that may be disclosed during discovery.

22.    This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

### A.    <u>Numerosity</u>

23.    The potential members of the class as defined are so numerous and are dispersed throughout the United States such that joinder of all class members is impracticable.  While the precise number

of class members has not been determined at the time of filing this complaint, based on the fact there are believed to be 2,522 rooms at the RIO ALL-SUITE HOTEL AND CASINO and legionella bacteria was present in the hotel's water system from at least May 1, 2017, (the date of SNHD's letter to Defendant) through at least September 28, 2017 (the date when testing continued show the presence of legionella bacteria in the hotel's water system), there are alleged to be hundreds of thousands of persons who are members of the class.

24.     Assuming, conservatively, the RIO was on average only *half full* during the class period and assuming there was only one (1) person staying in each room there are *at least* 189,150 class members (1,261 rooms x 150 days [5/1/17 – 9/28/17] = 189,150).

**B.  Common Questions of Fact and Law**

25.     Common questions of fact and law exist as to all members of the class and predominate over any questions affecting solely individual members of the class.  Among the questions of fact and law that predominate over any individual issues are:

a.  Whether Defendant concealed, omitted disclosing, and/or negligently failed to disclose to guests there was legionella bacteria in the hotel's water system in violation of Nevada Revised Statute 41.600;

b.  Whether Defendant violated the provisions of NRS 41.600 and corresponding NRS 205.377(1) [multiple transactions involving fraud, fraud includes omission of a material fact];

c.  Whether Defendant engaged in deceptive trade practices in by concealing and/or failing to disclose to guests the material fact of the presence of legionella bacteria in the hotel's water system in violation of Nevada Deceptive Trade Practices Act, NRS 598.0923(2) [failure to disclose material facts in connection with the sale or lease of goods or services];

d.  Whether Defendant violated the provisions of Nevada's Racketeer Influenced and Corrupt Organizations (RICO) statute set forth in Nevada Revised Statute (NRS) 207.350, *et seq*;

e.  Whether Defendant has been unjustly enriched;

f.  A declaration of the rights and/or remedies available to Plaintiffs and the class.

C. **Typicality**

26.     The claims of the named Plaintiffs are typical of the claims of the members of the class. Plaintiffs and all members of the class sustained damages arising out of or caused by Defendant's and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of laws and statutes as alleged.

D. **Adequacy of Representation**

27.     Plaintiffs will fairly and adequately protect the interests of the members of the class and will advocate for and on behalf of the class.   Counsel who represent Plaintiffs are competent and experienced in litigating class action and multi-party cases and will competently and adequately represent the interests of the class.   There are no conflicts or adverse interests between Plaintiffs or counsel and the class members.

E. **Superiority of Class Action**

28.     A class action is superior to all other means for the fair and efficient adjudication of this controversy.   Individual joiner of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery because of Defendant's common business practice of concealing and/or failing to disclose to all guests staying at the RIO the presence of legionella bacteria in the hotel's water system.

29.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the parties and the judicial system.   Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

/ / /

/ / /

/ / /

**IV.**

<u>**FIRST CAUSE OF ACTION**</u>

**Violation of Nevada Revised Statute 205.377**

**[Multiple Transactions Involving Fraud or Deceit**

**in Course of Enterprise or Occupation; Penalty]**

30.     Plaintiffs incorporate all previous allegations as though set forth in full herein.

31.     Plaintiffs bring this cause of action individually and on behalf of all similarly situated class members.

32.     Plaintiff alleges Defendant's actions and conduct as herein alleged constitutes violations of Nevada Revised Statute 205.377 which provides: (1) A person shall not, in the course of an enterprise or occupation, knowingly and with the intent to defraud, engage in an act, practice or course of business or employ a device, scheme or artifice which operates or would operate as a fraud or deceit upon a person by means of a false representation or omission of a material fact that: (a) The person knows to be false or omitted; (b) The person intends another to rely on; and (c) Results in a loss to any person who relied on the false representation or omission, in at least two transactions that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents within 4 years and in which the aggregate loss or intended loss is more than $650.

33.     Pursuant to NRS 207.80, the provisions of NRS 205.377 apply to Defendant because Defendant is a corporation or other business entity.

34.     Plaintiffs allege Defendant concealed and/or omitted from disclosing to Plaintiffs and the class members the fact legionella bacteria was present in the RIO's water system during their stay at the hotel. Plaintiffs allege the presence of legionella bacteria in the hotel's water system was a material fact which they and all other class members would reasonably rely upon in making the decision whether to stay at the RIO at all, or alternatively, whether the quoted room rate and/or Resort Fee was a fair and reasonable rate to pay for a room and facilities in a hotel which has legionella bacteria in the water system which exposes people to serious, and potentially deadly, illness.

35.     Plaintiffs allege they relied justifiably on Defendant's concealment/omission when they stayed at the RIO and parted with their money by paying Defendant the demanded amount for the Resort Fee of $34.01 per day.  Plaintiffs' "room rate" had been "comp'ed" by Defendant.  Plaintiffs and each of them have therefore suffered actual harm and/or injury.

36.     Plaintiffs alleges that since Defendant concealed and/or omitted from disclosing to all other guests the material fact of the presence of legionella bacteria in the RIO's water system it is reasonable to infer that all guests who stayed at the RIO during the time legionella bacteria was in the water system and paid Defendant the demanded room rate for their guest rooms and/or the Resort Fee relied reasonably on Defendant's concealment/omission.

37.     Plaintiffs allege Defendant engaged in multiple acts on a daily basis of concealment/omission in violation of NRS 205.377, between at least May 1, 2017 through at least September 28, 2017 when Defendant concealed/omitted from disclosing to guests reserving a room, while checking in and/or while staying at the RIO the material fact of the presence of legionella bacteria in the hotel's water system and the serious health risks, including death, it presented.

38.     As a direct and proximate result of Defendant's actions as herein alleged Plaintiffs and the class members suffered harm and damages in that they parted with their money by paying Defendant the room rate and/or Resort Fee demanded by Defendant to stay at the hotel when they either would have not stayed at the RIO at all and would have stayed at another hotel in Las Vegas, or alternatively, paid Defendant amounts greater than what a room and facilities in a hotel with legionnaires bacteria in the water system is fairly and reasonably worth to the average consumer.  Plaintiffs and the class members have therefore suffered damages in an amount according to proof at trial.

39.     Pursuant to NRS 205.377, in additional to any other penalty that may be assessed the court shall order a person who violates subsection 1 to pay restitution.  Plaintiffs and the class members are therefore entitled to restitution in an amount according to proof at trial.

/ / /

/ / /

/ / /

**V.**

**SECOND CAUSE OF ACTION**

**Violation of Nevada Deceptive Trade Practices Act (NDTPA)**

**[NRS 41.600, NRS 598.0923(2)]**

40.     Plaintiffs incorporates all previous allegations as though set forth in full herein.

41.     Plaintiffs bring this cause of action individually and on behalf of all similarly situated class members.

42.     Plaintiffs bring this cause of action in accordance with NRS 41.600 [Actions by victims of fraud], and specifically NRS 41.600(2)(e), for violations of the Nevada Deceptive Trade Practices Act. Plaintiffs allege Defendant violated the provisions of NRS 598.0923(2) by concealing/omitting from disclosure and/or failing to disclose a material fact in connection with the sale or lease of goods or services.

43.     Plaintiffs allege Defendant concealed/omitted from disclosure and/or failed to disclose the presence of legionella bacteria in the RIO's water system while Plaintiffs and all other members of the class stayed at the hotel.

44.     Plaintiffs allege Defendant concealed and/or omitted from disclosing to Plaintiffs and the class members the fact legionella bacteria was present in the RIO's water system during their stay at the hotel.  Plaintiffs allege the presence of legionella bacteria in the hotel's water system was a material fact which they and all other class members would reasonably rely upon in making the decision whether to stay at the RIO at all, or alternatively, whether the quoted room rate and payment of the charged Resort Fee was a fair and reasonable rate to pay for a room and facilities in a hotel which has legionella bacteria in the water system which exposes people to serious illness.

45.     Plaintiffs allege they relied justifiably on Defendant's concealment/omission when they stayed at the RIO and parted with their money by paying Defendant the demanded amount for the Resort Fee of $34.01 per day.  Plaintiffs' "room rate" had been "comp'ed" by Defendant.

/ / /

/ / /

46.     Plaintiffs allege that since Defendant concealed and/or omitted from disclosing to all other guests the material fact of the presence of legionella bacteria in the RIO's water system it is reasonable to infer that all guests who stayed at the RIO during the time legionella bacteria was in the water system and paid Defendant the demanded room rate for their guest rooms and/or the charged Resort Fee they all relied reasonably on Defendant's concealment/omission.

47.     Plaintiffs allege Defendant engaged in multiple acts on a daily basis between at least May 1, 2017 through at least September 28, 2017 when Defendant concealed/omitted from disclosure to guests reserving a room, while checking in and/or while staying at the RIO the presence of legionella bacteria in the hotel's water system of concealment/omission in violation of NRS 41.600 [Actions by victims of fraud], and specifically NRS 41.600(2)(e), for violations of the Nevada Deceptive Trade Practices Act and the provisions of NRS 598.0923(2).

48.     As a direct and proximate result of Defendant's actions as herein alleged Plaintiffs and the class members suffered harm and damages in that they parted with their money by paying Defendant the room rate demanded by Defendant to stay at the hotel and/or the Resort Fee charged and collected by Defendant when they either would have not stayed at the RIO at all and would have stayed at another hotel in Las Vegas, or alternatively, paid Defendant amounts greater than what a room and facilities in a hotel with legionnaires bacteria in the water system is fairly and reasonably worth to the average consumer.  Plaintiffs and the class members have therefore suffered damages in an amount according to proof at trial.

49.     Plaintiffs are also entitled to an award of (a) any damages Plaintiffs and the class members have sustained; (b) any equitable relief the court deems appropriate; and (c) Plaintiffs' and the class members' costs in the action and reasonable attorney's fees.

50.     Plaintiffs have retained counsel to represent them and as such are entitled to an award of attorney fees and costs pursuant to statute in an amount according to proof.

51.     Plaintiffs further allege the actions and conduct of Defendant as herein alleged were fraudulent, oppressive and malicious in that they were carried out with a knowing, willful, purposeful, and intentional disregard for the rights and/or safety of all Defendant's guests.  Defendant chose to wager the potential health of its guests against its odds of realizing multiple-millions of dollars in

revenue from gambling, room reservations, and food and beverage sales. As such, Plaintiffs and the class members are entitled to an award of punitive or exemplary damages against Defendant in an amount according to proof so as to punish and/or make an example of Defendant for other business in the hospitality industry and to prevent future similar wrongdoing.

## VI.

### THIRD CAUSE OF ACTION

#### Violation of Nevada RICO Statute [NRS 207.350, *et seq.*]

52.     Plaintiffs incorporate all previous allegations as though set forth in full herein.

53.     Plaintiffs bring this cause of action for themselves individually and on behalf of all similarly situated class members.

54.     Plaintiffs have standing to bring this cause of action pursuant to NRS 207.470, which provides a private right of action to "[a]ny person who is injured in his or her business or property by reason of any violation of NRS 207.400 has a cause of action against a person causing such injury for three times the actual damages sustained. An injured person may also recover attorney's fees in the trial and appellate courts and costs of investigation and litigation reasonably incurred.

55.     Plaintiffs allege Defendant violated the Nevada Racketeer Influenced and Corrupt Organizations Act ("RICO") NRS 207.350, and more specifically NRS 207.360(9) [Taking property from another under circumstances not amounting to robbery].

56.     Plaintiffs allege Defendant violated the Nevada Racketeer Influenced and Corrupt Organizations Act ("RICO") NRS 207.350, and more specifically NRS 207.360(33) [Any violation of NRS 205.377 (Multiple transactions involving fraud or deceit in course of enterprise or occupation; penalty).

57.     Plaintiffs allege Defendant engaged in multiple predicate acts, practices, or a course of business on a daily basis between at least May 1, 2017 through at least September 28, 2017, or employed a device, scheme or artifice which operated or would operate as a fraud or deceit upon a person by means of a false representation or omission of a material fact that: (a) The person knows to be false or omitted; (b) The person intends another to rely on; and (c) Results in a loss to any person who relied on the false representation or omission, in at least two transactions that have the same or

similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents within 4 years and in which the aggregate loss or intended loss is more than $650.

58. Plaintiffs allege Defendant violated the provisions of Nevada's RICO statute by concealing and omitting and/or failing to disclose to them and all guests who registered to stay at, stayed at, and/or were staying at the RIO while the hotel's water system was infected with the potentially deadly legionella bacteria.

59. Plaintiffs allege Defendant engaged in two or more predicate acts on a daily basis between at least May 1, 2017 through at least September 28, 2017, of omission of a material fact as herein alleged in the four years preceding the filing of this action when Defendant concealed/omitted from disclosure to guests registering and/or staying at the RIO the presence of legionella bacteria in the hotel's water system.

60. Plaintiffs allege Defendant's actions resulted in an aggregate monetary benefit and/or a loss or intended loss to Plaintiffs and the class of more than $650.00.

61. Plaintiffs did not participate in the commission of Defendant's predicate acts as herein alleged.

62. As a direct and proximate result of Defendant's actions and conduct as herein alleged, Plaintiffs and the class members have been harmed, suffered damages and are entitled to recovery as provided by NRS 207.470, all in an amount according to proof at trial.

63. As a direct and proximate result of Defendant's actions as herein alleged Plaintiffs and the class members suffered harm and damages in that they parted with their money by paying Defendant the room rate and/or Resort Fee demanded by Defendant to stay at the hotel when they either would have not stayed at the RIO at all and would have stayed at another hotel in Las Vegas, or alternatively, paid Defendant amounts greater than what a room and facilities in a hotel with legionnaires bacteria in the water system is fairly and reasonably worth to the average consumer. Plaintiff and the class members have therefore suffered damages in an amount according to proof at trial.

64. Plaintiffs have retained counsel to represent them in this action and are therefore entitled to an award of attorney fees and costs according to proof.

65.    Plaintiffs further allege the actions and conduct of Defendant as herein alleged were fraudulent, oppressive and malicious in that they were carried out with a knowing, willful, purposeful, and intentional disregard for the rights and/or safety of Defendant's guests. Defendant chose to wager the potential health of its guests against its odds of realizing multiple-millions of dollars in revenue from gambling, room reservations, and food and beverage sales. As such, Plaintiff and the class members are entitled to an award of punitive or exemplary damages against Defendant in an amount according to proof so as to punish and/or make an example of Defendant for other business in the hospitality industry and to prevent future similar wrongdoing.

**VII.**

**FOURTH CAUSE OF ACTION**

**Common Law Negligence**

66.    Plaintiffs incorporate all previous allegations as though set forth in full herein.

67.    Plaintiffs bring this cause of action individually and on behalf of all similarly situated class members.

68.    At all times Defendant is and was in the business of operating a hotel and providing lodging for guests and were/was at all times open to the public. As such Defendant owed a duty to provide safe, clean, and disease-free accommodations, including a disease-free water system, to all guests of its hotel and not to expose it guests to diseases such as legionella bacteria whether negligently or recklessly. As the operator of a hotel and providing lodging for guests and being a facility that is open to the general public Defendant further owed a duty to disclose the presence of diseases such as legionella bacteria which were present in the hotel's water system to guests who reserved rooms at Defendant's hotel, or when those guests checked into Defendant's hotel and/or while those guests were staying at Defendant's hotel.

/ / /

/ / /

/ / /

69.     Defendant breached its duty to Plaintiffs and all members of the class when it negligently and/or recklessly failed to maintain its water system in a safe, clean, and disease-free condition. Defendant further breached its duty to Plaintiffs and all members of the class when it negligently concealed and/or failed to inform, disclose or otherwise notify Plaintiffs and the class members of the existence of legionella bacteria in its hotel's water system while they were staying at Defendant's hotel.

70.     As a direct and proximate result of Defendant's actions as herein alleged Plaintiffs and the class members suffered harm and damages in that they parted with their money by paying Defendant the room rate and/or Resort Fee demanded by Defendant to stay at the hotel when they either would have not stayed at the RIO at all and would have stayed at another hotel in Las Vegas, or alternatively, paid Defendant amounts greater than what a room and facilities in a hotel with legionnaires bacteria in the water system is fairly and reasonably worth to the average consumer. Plaintiff and the class members have therefore suffered damages in an amount according to proof at trial.

71.     Plaintiffs further alleges the actions and conduct of Defendant as herein alleged were fraudulent, oppressive and malicious in that they were carried out with a reckless, knowing, willful, purposeful, and conscious disregard for the rights and/or safety of Defendant's guests. Defendant chose to wager the potential health of its guests against its odds of realizing multiple-millions of dollars in revenue from gambling, room reservations, and food and beverage sales. As such, Plaintiffs and the class members are entitled to an award of punitive or exemplary damages against Defendant in an amount according to proof so as to punish and/or make an example of Defendant for other business in the hospitality industry and to prevent future similar wrongdoing.

**VII.**

**<u>FIFTH CAUSE OF ACTION</u>**

**Fraudulent Concealment**

72.     Plaintiffs incorporate all previous allegations as though set forth in full herein.

73.     Plaintiffs bring this cause of action individually and on behalf of all similarly situated class members.

74.     At all times Defendant are and were in the business of operating a hotel and providing lodging for guests and were/was at all times open to the public.  As such Defendant owed a duty to provide safe, clean, and disease-free accommodations, including a disease-free water system, to all guests of its hotel and not to expose it guests to diseases such as legionella bacteria whether negligently or recklessly.  As the operator of a hotel and providing lodging for guests and being a facility that is open to the general public Defendant further owed a duty to disclose the presence of diseases such as legionella bacteria which were present in the hotel's water system to guests who reserved rooms at Defendant's hotel, or when those guests checked into Defendant's hotel and/or while those guests were staying at Defendant's hotel.

75.     Plaintiffs allege Defendant had actual knowledge as of at least May 1, 2017 of the presence of legionella bacteria in the hotel's system and that at least two guests who stayed at the RIO in March and April 2017 had contracted Legionnaires disease.  Plaintiffs further allege Defendant and each of them had actual knowledge that in June 2017, other guests staying at the RIO had contracted Legionnaires disease.

76.     Plaintiffs allege Defendant fraudulently concealed and/or omitted from disclosing to Plaintiffs and the class members the fact legionella bacteria was present in the RIO's water system during their stay at the hotel.  Plaintiffs allege the presence of legionella bacteria in the hotel's water system was a material fact which they and all other class members would reasonably rely upon in making the decision whether to stay at the RIO at all, or alternatively, whether the quoted room rate and payment of the charged Resort Fee was a fair and reasonable rate to pay for a room and facilities in a hotel which has legionella bacteria in the water system which exposes people to serious illness.

77.     Plaintiffs allege they relied justifiably on Defendant's concealment/omission when they stayed at the RIO and parted with their money by paying Defendant the demanded amount for the Resort Fee of $34.01 per day.  Plaintiffs' "room rate" had been "comp'ed" by Defendant.

/ / /

/ / /

/ / /

78.     Plaintiffs allege that since Defendant concealed and/or omitted from disclosing to all other guests the material fact of the presence of legionella bacteria in the RIO's water system it is reasonable to infer that all guests who stayed at the RIO during the time legionella bacteria was in the water system and paid Defendant the demanded room rate for their guest rooms and/or the charged Resort Fee all relied reasonably on Defendant's concealment/omission.

79.     As a direct and proximate result of Defendant's actions as herein alleged Plaintiffs and the class members suffered harm and damages in that they parted with their money by paying Defendant the room rate demanded by Defendant to stay at the hotel and/or the Resort Fee charged and collected by Defendant when they either would have not stayed at the RIO at all and would have stayed at another hotel in Las Vegas, or alternatively, paid Defendant amounts greater than what a room and facilities in a hotel with legionnaires bacteria in the water system is fairly and reasonably worth to the average consumer. Plaintiffs and the class members have therefore suffered damages in an amount according to proof at trial.

80.     Plaintiffs further allege the actions and conduct of Defendant as herein alleged were fraudulent, oppressive and malicious in that they were carried out with a reckless, knowing, willful, purposeful, and conscious disregard for the rights and/or safety of Defendant's guests. Defendant chose to wager the potential health of its guests against its odds of realizing multiple-millions of dollars in revenue from gambling, room reservations, and food and beverage sales. As such, Plaintiffs and the class members are entitled to an award of punitive or exemplary damages against Defendant in an amount according to proof so as to punish and/or make an example of Defendant for other business in the hospitality industry and to prevent future similar wrongdoing.

## VIII.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

81.     Plaintiffs incorporate all previous allegations as though set forth in full herein.

82.     Plaintiffs bring this cause of action individually and on behalf of all similarly situated class members.

83.    Plaintiffs allege Defendant was unjustly enriched and received an unjustified monetary and financial windfall by its concealment/omission from disclosure and/or failure to disclose to guests the presence of legionella bacteria in the RIO's water system during their stay.

84.    Here, Plaintiffs and the class members conferred a financial benefit on Defendant by paying money for a room and/or the Resort Fee at the RIO.  Defendant appreciated such benefit and there was acceptance and retention by Defendant of such benefit under circumstances such that it would be inequitable for them to retain the benefit without payment of the value thereof.

85.    As a direct and proximate result of Defendant's actions as herein alleged Plaintiffs and the class members suffered harm and damages in that they parted with their money by paying Defendant the room rate and/or Resort Fee of $34.01/day demanded by Defendant to stay at the hotel when they either would have not stayed at the RIO at all and would have stayed at another hotel in Las Vegas, or alternatively, paid Defendant amounts greater than what a room and facilities in a hotel with legionnaires bacteria in the water system is fairly and reasonably worth to the average consumer. Plaintiffs and the class members have suffered damages in an amount according to proof at trial.

## IX.

## SIXTH CAUSE OF ACTION

### Declaratory Relief

86.    Plaintiffs incorporate all previous allegations as though set forth in full herein.

87.    Plaintiffs bring this cause of action for themselves individually and on behalf of all similarly situated class members.

88.    An actual controversy has arisen between Plaintiffs and the class members on the one hand and Defendant on the other with regard to the rights, responsibilities and obligations of each party relating to the presence of legionella bacteria in the RIO ALL-SUITE HOTEL AND CASINO water system when Plaintiffs and the class 1) made reservations to stay at Defendant's hotel, 2) when they checked into their room at Defendant's hotel, and 3) while they were staying at Defendant's hotel.

89.    Plaintiffs individually and on behalf of the class members desires a judicial declaration of their and Defendant's rights, statutory obligations and/or legal duties.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek judgment as follows:

1.     That this action be maintained as a class action;

2.     For restitution in an amount according to proof at trial;

3.     For compensatory damages in an amount according to proof at trial;

4.     For an award of punitive or exemplary damages against Defendant in an amount according to proof so as to punish and/or make an example of Defendant for other business in the hospitality industry and to prevent future similar wrongdoing.

5.     For special damages according to proof at trial;

6.     For attorney fees pursuant to statute in an amount according to proof at trial;

7.     For costs of suit and other litigation expenses in an amount according to proof at trial;

8.     For prejudgment interest; and

9.     Any and such other relief the Court deems fair, just, and equitable.

DATED: February 23, 2018           By:

*Robert A. Waller, Jr.*
_____
Robert A. Waller, Jr., *(pro hac vice)*
*Attorneys for Plaintiffs and the class*

## DEMAND FOR JURY TRIAL

Plaintiffs and each of them hereby demands trial by jury on all causes of action for which a jury trial is available.

DATED February 23, 2018           By:

*Robert A. Waller, Jr.*
_____
Robert A. Waller, Jr., *(pro hac vice)*
*Attorneys for Plaintiffs and the class*



EXHIBIT "1"



May 1, 2017

Rio Suites Hotel
3700 W Flamingo RD
Las Vegas NV 89103-4043

Re: Notification of a case of Legionellosis associated with Rio Suites Hotel, 3700 W Flamingo RD, Las Vegas NV 89103-4043, PR0005134

Dear Mr. Hines:

The Southern Nevada Health District (SNHD) has received notification that a patient diagnosed with legionellosis stayed at your facility during their incubation period sometime in March. *Legionella pneumophila* is the bacterial organism that causes legionellosis. *Legionella* are ubiquitous in the environment and can enter a facility through the water supply. They can grow within the biofilm of the water supply system in areas where the water temperature is between 77 and 108 degrees Fahrenheit. These areas can include cooling towers, spas, whirlpools, fountains, showers and misters, all of which have previously been linked to Legionnaires' disease outbreaks. A susceptible person must inhale the mist or water vapor that contains the *Legionella* bacteria.

The SNHD will take a number of water samples from areas in and around your facility where the patient visited. These samples will be tested at a laboratory that is Environmental *Legionella* Isolation Techniques Evaluation (ELITE)–program certified by the Centers for Disease Control and Prevention (CDC). As part of the investigation, with your consent and cooperation, SNHD staff will also conduct an environmental assessment and determine if there are other areas in the facility or on the facility grounds that may pose a legionellosis risk to visitors and employees. The SNHD will provide further remediation recommendations and instructions based on the results of the environmental sample testing. You facility will be billed for the cost of the sampling at $98.25 per sample for this investigation.

Thank you for your time and continued cooperation in ensuring that the residents and visitors to Southern Nevada are protected to the greatest possible extent from exposure to *Legionella*.

Sincerely,
Southern Nevada Health District


Rob Cole, REHS                                    Erin Cavin, REHS
Environmental Health Senior                       Environmental Health Specialist II


cc: Vivek Raman, SNHD, EH—Public Accommodations

EXHIBIT "2"

| | |
|---|---|
| **From:** | Erin Cavin |
| **To:** | "Brad Waldron"; "jhines1@caesars.com" |
| **Bcc:** | Robert Cole |
| **Subject:** | Legionella Investigation |
| **Date:** | Tuesday, May 02, 2017 10:56:00 AM |

Hello Mr. Waldron and Mr. Hines,

Attached you will find the copy of the environmental assessment form that we were going through today at our meeting. Please fill it out the rest of the way as accurately as possible. Then scan and email it back to me with all the requested documents that we mentioned as well as a copy of the introduction letter we gave you this morning. I look forward to seeing you tomorrow.

Should you have any questions, please feel free to contact me.

*Erin M. Cavin, REHS*

702-465-5448
Southern Nevada Health District
Special Programs
333 N. Rancho, Suite 450, Las Vegas

Do NOT read, copy, or disseminate this communication unless you are the intended addressee. This email and any attachments are confidential, and, except where the email specifically states it can be disclosed: it may also be privileged. If you have received this communication in error, please notify the sender immediately at 702-759-0516 or by return email. Additionally, if receifed in error, please do not disclose the contents to anyone and delete this email and any attachments. Thanks you.



EXHIBIT "3"



July 5, 2017

Dear Valued Guest,

We were notified by the Southern Nevada Health District of two instances of individuals who stayed at the Rio All-Suite Hotel and Casino ("the Rio"), one in March and one in April, that contracted Legionnaires' disease. Fortunately, both individuals have recovered. However, recent testing indicated the presence of the *Legionella* bacteria in water systems at the Rio, and we worked with the Southern Nevada Heath District to address the concern and take aggressive remediation action to ensure the safety of the water. Our records show that you also recently stayed with us at the Rio so we wanted to provide you with this letter and important information.

Legionnaire's disease is contracted by inhaling, not drinking, droplets of water or mist containing the *Legionella* bacteria and is a type of pneumonia. The *Legionella* bacteria can reside in the hot water systems of buildings. Until the system was fully treated, taking a shower or a bath with the jets running may have put you at risk by breathing water in the air. Taking a normal bath, handwashing, or drinking water would generally not pose an elevated risk.

Symptoms usually begin two to 10 days after exposure to the bacteria. Guests developing symptoms within 14 days of their stay at the Rio should seek medical attention. The Southern Nevada Health District has advised that if you stayed at the Rio more than two weeks ago, and you are currently well and do not show pneumonia like symptoms, then there is no need to be concerned at this point in time. If it has been less than 14 days since your stay, you should not hesitate to seek medical attention if you are showing pneumonia-like symptoms, and your health care provider will evaluate you appropriately.

Additionally, if you have any questions or would like more information about Legionnaire's disease, please contact the Southern Nevada Heath District or visit their website at http://southernnevadahealthdistrict.org/health-topics/legionellosis.php.

If you would like to contact SNHD by phone, please call (702) 759-0999 from Monday – Friday 9 AM to 4:30 PM Pacific Time.

We are very sorry for any inconvenience or concern this situation may cause.

Respectfully,

Hotel Management

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

JAY AMES, Individually and on behalf of all others similarly situated, Plaintiff vs. CAESARS ENTERTAINMENT CORPORATION; RIO PROPERTIES LLC, Defendants
CASE NO. 17-cv-02910-GMN-VCF

     I, Robert A. Waller, Jr., certify that: I am over the age of 18 years and not a party to the case; I am employed in, or am a resident of the County of San Diego, California; my business address is P.O. Box 999, Cardiff-by-the-Sea, California 92007, telephone (760) 753-3118, facsimile (760) 753-3206, Email: robert@robertwallerlaw.com. On the date set forth below, I caused service of the following document(s) on the parties indicated below by electronically serving said document(s) to their email address registered with the Clerk of the United States District Court for the District of Nevada using its ECF System, which electronically notifies them at their email address of record:

A.     **STIPULATION AND ORDER RE: FILING SECOND AMENDED COMPLAINT**

PARTIES ON WHOM SERVED:

| | |
|---|---|
| Lew Brandon, Jr., Esq.<br>l.brandon@moranlawfirm.com<br>Justin W. Smerber, Esq.<br>j.smerber@moranlawfirm.com<br>MORAN BRANDON BENDAVID MORAN<br>630 S. Fourth Street<br>Las Vegas, Nevada 89101<br>Telephone: (702) 384-8424<br>Facsimile: (702) 384-6568<br>Attorneys for Defendants<br>CAESARS ENTERTAINMENT CORP.<br>and RIO PROPERTIES, LLC | Adam C. Rapaport (SBN 13008)<br>The Law Office of Adam C. Rapaport<br>235 W. Brooks Avenue<br>North Las Vegas, Nevada 89030<br>Telephone: 702-789-4932<br>Facsimile: 702-789-4932<br>mail: adamrapaportesq@gmail.com<br>Co-Counsel for Plaintiffs |
| Richard Fama, Esq. *(Pro Hac Vice)*<br>rfama@cozen.com<br>Brenden Coller, Esq.<br>bcoller@cozen.com<br>COZEN O'CONNOR<br>45 Broadway, 16th Floor<br>New York, New York 10006<br>Telephone: (212) 908-1229<br>Attorneys for Defendants<br>CAESARS ENTERTAINMENT CORP.<br>and RIO PROPERTIES, LLC | |

    I declare under penalty of perjury under the laws of the State of Nevada the foregoing is true and correct.

Executed on February 23, 2018         Signature: */s/ Robert A. Waller, Jr.*