|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

|   |   |   |
|---|---|---|
| JAY AMES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:17-cv-02910-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| CAESARS ENTERTAINMENT | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 25), filed by Defendant Rio Properties, LLC ("Defendant"). Plaintiff Aaron Leigh-Pink and Tana Emerson (collectively, "Plaintiffs") filed a Response, (ECF No. 26), and Defendant filed a Reply, (ECF No. 27). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

## I. <u>BACKGROUND</u>

This case arises from alleged violations of the Nevada Deceptive Trade Practices Act ("NDTPA") and other state-based claims. (*See* Am. Second Compl. ("SAC") ¶¶ 30–89, ECF No. 22). Plaintiffs' allegations are as follow. Defendant owns and operates the Rio All-Suite Hotel and Casino ("Rio"), located in Las Vegas, Nevada. (*Id.* ¶ 1). Plaintiff Leigh-Pink was a guest at the Rio, in May and September 2017. (*Id.* ¶ 11). Plaintiff Emerson was a guest at the Rio in June 2017. (*Id.* ¶ 13). Plaintiffs did not pay "room rates" for their respective hotel rooms; their stays were "comp'ed" (*i.e.*, complimentary). (*See id.* ¶¶ 9, 35). However, Plaintiffs paid a "resort fee" of $34.01 per night, which according to Defendant, pays for internet use, telephone use, and fitness room access for two hotel guests. (*Id.*); (Mot. to Dismiss ("MTD") 2:14–16, ECF No. 22).

Plaintiffs further allege that from May 1, 2017, to "at least" September 28, 2017, Defendant knew that the Rio's water system was infected with legionella bacteria, which causes legionnaires disease, a potentially deadly bacterial disease. (*See, e.g.*, *id.* ¶ 37, 47). More specifically, Plaintiffs allege that on May 1, 2017, the Southern Nevada Health District ("SNHD") notified Defendant of a report that two guests who stayed at the Rio in March and April 2017 developed legionnaires disease after staying at the Rio. (*Id.* ¶ 2). Over the next few days, SNHD representatives corresponded and met with Defendant's representatives, and "discussed the fact that SNHD would be conducting a legionella investigation of the [Rio] hotel." (*Id.* ¶¶ 3, 4). Further, Defendant's representatives were shown a PowerPoint presentation "to educate" them "on the seriousness of the situation and the health risks to guests of the hotel." (*Id.* ¶ 4).

Plaintiffs do not allege that they contracted or developed legionnaires disease as a result of their stay at the Rio. Instead, Plaintiffs allege that "they relied justifiably on Defendant's concealment/omission when they stayed at the [Rio]" and that they "suffered harm and damages" in that they "parted ways with their money by paying . . . the Resort Fee of $34.01 per day," when Plaintiffs "either would have not stayed at the [Rio] at all . . . , or alternatively, paid Defendant amounts greater than what a room and facilities in a hotel with legionella bacteria in the water system is fairly and reasonably worth to the average consumer." (*See, e.g.*, *id.* ¶¶ 35, 38, 45, 48).

On October 11, 2017, Plaintiffs filed a class action against Defendant in Clark County District Court. (Compl., ECF No. 1-1). In December 2017, Plaintiffs filed their First Amended Complaint. Defendants removed to federal court pursuant to the Class Action Fairness Act. (Pet. Removal, ECF No. 1). On March 1, 2018, Plaintiffs filed a Second Amended Complaint setting forth the following claims against Defendant: (1) violation of Nevada Revised Statute ("NRS") § 205.377; (2) violation of NDTPA; (3) violation of Nevada's Racketeer Influenced

and Corrupt Organizations Act ("RICO"); (4) negligence; (5) fraudulent concealment; (6) unjust enrichment; and (7) declaratory relief. (SAC ¶¶ 30–89). Defendant now moves to dismiss Plaintiffs' Second Amended Complaint.

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. <u>DISCUSSION</u>

In the instant Motion, Defendant contends Plaintiffs' Second Amended Complaint should be dismissed because it is "populated by conclusory allegations rather than the specific factual averments needed to support the claims asserted." (MTD 3:8–10, ECF No. 25). Defendant sets forth several arguments supporting its contention, including that Plaintiffs did not suffer damages, that they failed to plead their fraud-based claims with particularity as

mandated by the Federal Rules of Civil Procedure, and that Plaintiffs fail to allege a predicate violation for their Nevada RICO claim, among others. (*See generally* Compl.). Plaintiffs respond that their Second Amended Complaint "sufficiently alleges the who, what, where and when about Defendant's fraudulent conduct of concealing material facts from guests, their knowledge of the presence of legionella bacteria in the [Rio's] water system, and properly alleges facts supporting each of the causes of action[.]" (Resp. 3:20–23, ECF No. 26).

The Court now addresses the sufficiency of Plaintiffs' claims, starting with those that require an element of damages.

**A. Nevada Deceptive Trade Practices Act**

Courts in this district have held that to establish a violation of the NDTPA, the plaintiff must demonstrate that (1) an act of consumer fraud by the defendant (2) caused (3) damages to the plaintiff. *Picus v. Wal–Mart Stores, Inc.*, 256 F.R.D. 651, 657–58 (D. Nev. 2009). Specifically, NRS § 41.600 provides: "An action may be brought by any person who is a victim of consumer fraud. As used in this section, 'consumer fraud' means: . . . A deceptive trade practice as defined in NRS 598.0915 to NRS 598.0925 . . . ." Here, Plaintiffs' NDTPA claim rests on NRS § 598.0923(3), which states that "[a] person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly . . . . [f]ails to disclose a material fact in connection with the sale or lease of goods or services."

Plaintiffs contend Defendant violated the NDTPA because Defendant had knowledge of the presence of legionella bacteria in its water system, which was a material fact that it withheld from guests. (SAC ¶ 44). Moreover, Plaintiffs state that Defendant's omission caused them damages in "that they parted with their money" to stay at the Rio when they could have stayed somewhere else, "or alternatively, paid Defendant amounts greater than what a room and

facilities in a hotel with legionella bacteria in the water system" is worth to the average customer. (*Id.* ¶ 48).

The Court finds that Plaintiffs failed to present sufficient factual matter to state a claim to relief that is plausible on its face. To begin with, Plaintiffs' damages, if any, were economic in nature, as they have not alleged personal injury or property damage. Moreover, Plaintiffs concede that their stay at the Rio was complimentary, except for the resort fee of $34.01. (*Id.* ¶ 9, 35). The resort fee paid for internet use, telephone use, and fitness room access. (MTD 2:14–16). Plaintiffs do not allege that during their stay they did not receive those amenities, sufficient access to those amenities, or that the amenities were otherwise unsatisfactory.

But even if Plaintiffs had alleged that they were injured because they were unable to use the amenities that they paid for, Plaintiffs' NDTPA claim would still fail, as Defendants have not sufficiently alleged a causal link between the purported bacteria in the Rio's water system, and any issue they may have had in trying to access or enjoy said amenities. Because Plaintiffs do not plead sufficient factual content to allow the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," Plaintiffs' claim is not facially plausible and will be dismissed with leave to amend. *Iqbal*, 556 U.S. at 678.

**B. Fraudulent Concealment**

To establish a prima facie case of fraudulent concealment under Nevada Law, a plaintiff must offer proof that satisfies five essential elements:

(1) The defendant must have concealed or suppressed a material fact;
(2) The defendant must have been under a duty to disclose the fact to the plaintiff;
(3) The defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, that is, he must have concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than he would if he knew the fact;
(4) The plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact;
(5) And, finally, as a result of the concealment or suppression of the fact, the plaintiff must have sustained damages.

*Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction 9.03). Fraudulent concealment must be pled with Rule 9(b) particularity. *See* Fed. R. Civ. P. 9(b).

For the reasons stated above, Plaintiffs have not presented facts establishing damages. Given that damages are a necessary element of fraudulent concealment, Plaintiffs have not sufficiently pled this claim. However, the Court notes that Plaintiffs have not set forth facts satisfying the second element—that is, that Defendant had a "duty to disclose."

In Nevada, the duty to disclose arises from the relationship between the parties. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). A duty to disclose arises where there is a fiduciary relationship or where there is a "special relationship," such that the complaining party imparts special confidence in the defendant and the defendant reasonably knows of that confidence. *Id.* The Nevada Supreme Court has recognized such a "special relationship" between real estate agents/buyers, insurers/insureds, trustees/beneficiaries, and attorneys/clients, such that "[n]ondisclosure . . . become[s] the equivalent of fraudulent concealment." *Nevada Power Co.*, 891 F. Supp. at 1416 n.3 (citing cases); *Giles v. General Motors Corp.*, 494 F.3d at 865, 881 (9th Cir. 2007) (citing *Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549 (Nev. 1993)).

Here, Plaintiffs allege that they were guests at Defendant's hotel. Plaintiffs have not provided factual allegations indicating that they had either a fiduciary or special relationship. In their Response, Plaintiffs attempt to cure this deficiency stating that "Defendant was under a duty to disclose [that there was legionella present in the water system] to Plaintiffs based on the relationship and the class members' health." (Resp. at 19, ECF No. 26). However, Plaintiffs fail to cite any recognized special relationship based on "health." Accordingly, Defendant's motion to dismiss is granted as to fraudulent concealment.

///

**A. Nevada RICO**

For a plaintiff to recover under Nevada's civil RICO statute, three conditions must be met: "(1) the plaintiff's injury must flow from the defendant's violation of a predicate Nevada RICO act; (2) the injury must be proximately caused by the defendant's violation of the predicate act; and (3) the plaintiff must not have participated in the commission of the predicate act." *Allum v. Valley Bank of Nevada*, 849 P.2d 297, 299 (Nev. 1993).

As discussed above, Plaintiffs have failed to demonstrate both injury and causation. On those grounds alone, Plaintiffs' Nevada RICO claim fails and must be dismissed. However, the Court also notes that Plaintiffs have not alleged any predicate RICO act outlined in NRS § 207.400. While Plaintiffs acknowledge this in their Response, they nevertheless discount it as a "technical deficiency." (Resp. at 14). However, it is not just a technicality, as the predicate acts set forth in NRS § 207.400 are what give rise to civil RICO claims. *Allum*, 849 P.2d at 299 (Nev. 1993) ("It is well-settled that to have standing as a RICO plaintiff, one's injury must flow from the violation of a predicate RICO act."). The Court dismisses this claim without prejudice.

**B. Negligence**

"To recover under a negligence theory, [a plaintiff] must prove four elements: (1) that [the defendant] owed him a duty of care; (2) that [the defendant] breached this duty of care; (3) that the breach was the legal cause of [the plaintiff's] injury; and (4) that the complainant suffered damages." *Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995).

Here, Defendant argues that because Plaintiffs allege no personal injury, their negligence claim must be dismissed pursuant to Nevada's economic loss doctrine. (MTD at 14). Under this doctrine a plaintiff cannot bring a tort claim for "purely economic losses" absent a claim for personal injury or property damage. *Terracon Consultants Western, Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 86 (Nev. 2009). Exceptions to the economic loss doctrine exist "in

[a] certain categor[y] of cases when strong countervailing considerations weigh in favor of imposing liability," such as cases "where there is significant risk that 'the law would not exert significant financial pressures to avoid such negligence.'" *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013) (quoting *Terracon*, 206 P.3d at 86, 88). Additionally, the economic loss doctrine does not bar recovery in tort where the defendant had a duty imposed by law rather than by contract and where the defendant's intentional breach of that duty caused purely monetary harm to the plaintiff." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) (collecting Nevada Supreme Court cases).

Here, Plaintiffs argue, *inter alia*, that Defendant's alleged concealment of the legionella contamination in Defendant's water system posed a significant risk that the law would not exert significant financial pressures to avoid, and thus its negligence claim against Defendant is not barred by the economic loss doctrine. (Resp. at 17). Nevertheless, even accepting this as true, Plaintiffs have not sufficiently pled causation and damages, two essential elements of a negligence claim. The Court accordingly dismisses Plaintiffs' claim for negligence, but without prejudice.

### C. Unjust Enrichment

In Nevada, the elements of an unjust enrichment claim are: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment." *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (citation omitted).

In their Complaint, Plaintiffs allege that they conferred a financial benefit on Defendant by paying money for a resort fee, that "Defendant appreciated such benefit," and that Defendant accepted the benefit, under circumstances "such that it would be inequitable for them [sic] to retain benefit without payment of the value thereof." (SAC ¶ 22). However, "[a]

formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible." *Iqbal*, 556 U.S. 662 at 678. Because Plaintiffs have not presented facts plausibly showing that Defendant was unjustly enriched, Plaintiffs claim is dismissed. However, the claim is dismissed without prejudice.

### D. Violation of NRS § 205.377

Plaintiffs allege that Defendant violated NRS § 205.377 when it did not disclose the presence of legionella bacteria in Defendant's water system to hotel guests. (SAC ¶ 34–39). Specifically, NRS § 205.377 provides that

> a person shall not, in the course of an enterprise or occupation, knowingly and with the intent to defraud, engage in an act, practice or course of business . . . which operates . . . as a fraud or deceit upon a person by means of [an] . . . omission of a material fact that:
> (a) The person knows to be false or omitted;
> (b) The person intends another to rely on; and
> (c) Results in a loss to any person who relied on the false representation or omission, in at least two transactions that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents within 4 years and in which the aggregate loss or intended loss is more than $650.

NRS § 205.377(1). The statute provides that said conduct is a felony that is punishable by a prison term of 1 to 20 years and a fine of not more than $10,000.00.

This statute and the entirety of Section 205 governs *crimes* against property. Criminal statutes cannot form the basis of a civil suit without express civil enforcement provision, and NRS § 205.377 does not contain such an express provision. *See Burgess v. City and County of San Francisco*, 49 F. App'x 122 (9th Cir. 2002). Indeed, the Nevada Supreme Court has held that "the absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Baldonado v. Wynn Las Vegas*, *LLC*, 194 P.3d 96, 101 (Nev. 2008); *see also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) (criminal statutes

are not generally enforceable by a civil action) (citations omitted). Accordingly, Plaintiffs' NRS § 205.377 claim for relief fails as a matter of law and is dismissed without leave to amend.

### E. Declaratory Judgment

Declaratory relief is not a separate cause of action or independent grounds for relief. *See in re Wal–Mart Wage & Hour Employ. Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Plaintiffs have failed to state any claim for which declaratory relief could be granted or pled facts showing that they are entitled to such relief. Accordingly, this claim is dismissed without prejudice.

### F. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiffs may be able to plead additional facts to support the above causes of action, with the exception of Plaintiffs' claim under NRS § 205.377. Accordingly, the Court will grant Plaintiffs leave to file an amended complaint. Plaintiffs shall file their amended complaint within twenty-one days of the entry of this Order if they can allege sufficient facts that plausibly establish their claims against Defendant.

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 25), is **GRANTED**. Plaintiffs' claim under NRS § 205.377 is dismissed with prejudice. All other claims are dismissed without prejudice.

**DATED** this __1__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court